■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH VAUGHN, Appellant, v JAMES SULLIVAN, as Superintendent of Sing Sing Correctional Facility, Respondent.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County (Rubenfeld, J.), entered February 10, 1987, which denied the writ and dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

On January 3, 1979, the petitioner was sentenced to an indeterminate term of from 2 to 4 years' imprisonment upon his conviction of the crime of burglary in the third degree. Shortly after being conditionally released, he was arrested for committing another crime, resulting in his sentencing in the United States District Court for the Southern District of New York to concurrent terms of 6 months and 4 to 8 years' imprisonment. A preliminary hearing was held on October 15, 1981, after which the Hearing Officer found probable cause to believe that the petitioner had violated the terms and conditions of his parole. Shortly thereafter, the petitioner was transferred to the Federal penitentiary in Lewisburg, Pennsylvania. By letter dated November 5, 1981, the petitioner's senior parole officer requested that the Federal authorities temporarily transfer the petitioner to the Metropolitan Correctional Center in New York City so that a timely final parole revocation hearing could be conducted. The petitioner was returned to New York on December 24, 1981, and the final hearing was conducted on January 21, 1982, as a result of which his conditional release was revoked.

By judgment dated October 18, 1982, the petitioner's proceeding pursuant to CPLR article 78 in New York County to review the declaration of parole delinquency and vacate the parole warrant lodged against him was dismissed. The court found, in its memorandum decision of July 2, 1982, that the petitioner had not been subject to the convenience and practical control of the New York State Division of Parole during his incarceration in the Federal facility at Lewisburg, Pennsylvania, thereby tolling the 90-day period prescribed by Executive Law § 259-i (3) (f) (i). The court moreover found that the Division of Parole had met its burden of establishing that diligent and reasonable efforts to secure the prompt return of the petitioner to this jurisdiction had been made. The petitioner's appeal from the aforesaid judgment has concededly not been perfected.

In or about December 1986, the petitioner commenced the instant proceeding in the Supreme Court, Westchester County, for a writ of habeas corpus on the ground that he had been denied a timely parole revocation hearing. The writ was properly denied and the proceeding dismissed. A writ of habeas corpus can neither be utilized to review claimed errors already passed on in an earlier appeal nor issues which could have been raised on appeal but were not *(People ex rel. Gaines*

*v Jones,* 79 AD2d 1065; *People ex rel. Knox v Smith,* 60 AD2d 789, *lv denied* 43 NY2d 647). Clearly the issue of the timeliness of the petitioner's final parole revocation hearing could have been raised on appeal from the judgment dismissing his CPLR article 78 proceeding. The petitioner's bare assertion that he was unable to perfect his appeal from that judgment does not constitute a valid basis for challenging his opportunity to contest the prior determination. Accordingly, the petitioner was collaterally estopped from relitigating the timeliness issue via his application for a writ of habeas corpus *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 455).

We note, in any event, that, excluding periods of delay not chargeable to the Division of Parole, a final hearing was held within the 90-day period prescribed by the Executive Law. Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.